[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #118, MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF
By way of a pleading entitled "Agreed Amended Request for Independent Medical Examination", dated June 4, 2001, and filed with the Clerk on June 5, 2001, the defendant in the above entitled matter requested that the plaintiff submit to a physical examination with Enzo J. Sella, M.D. of the Connecticut Orthopaedic Specialists, 2408 Whitney Avenue, Hamden, Connecticut. Said examination was to occur on June 18, 2001 at 9:30 A.M. The file does not indicate that the plaintiff ever filed any objection to the aforementioned pleading.
On September 6, 2001, the defendant filed a "Motion to Compel IME of the Plaintiff'. This Motion provides in pertinent part that:
 2. Although the Plaintiff appeared for the June 18, 2001, IME, he refused to fill-out standard paperwork . . . which prohibited Dr. Stella to perform said IME.
Section 13-11 of the Practice Book concerns physical examinations. Subsection 13-11 (b) of the Practice Book provides as follows:
 (b) In the case of an action to recover damages for personal injuries, any party adverse to the plaintiff may file and serve in accordance with Sections 10-12
through 10-17 a request that the plaintiff submit to a physical or mental examination at the expense of the requesting party. That request shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made. Any such request shall be complied with by the plaintiff unless, within ten days from the filing of the request, the plaintiff files in writing an objection thereto specifying to which portions of said request objection is made and the reasons for said objection. The objection shall be placed on the short calendar list upon the filing thereof. The judicial authority may make such order as is just in connection with the request. No plaintiff shall be compelled to undergo a physical examination by any physician to whom he or she objects in writing. (emphasis added)
As previously stated, no objection was ever filed concerning the Agreed CT Page 13417 upon Amended Request for Independent Medical Examination, but on September 7, 2001, the defendant filed a "Request for Oral Argument".[1]
This Court agrees with the well-reasoned and comprehensive decision of Judge Blue in Privee v. Burns, No. 395074 (Jun. 1, 1999),1999 Ct. Sup. 7650. The Court in Privee came to the conclusion that "The plaintiff has an unconditional statutory right to object to "any physician'." Id. at 7675. However no objection to the "Agreed Amended Request for Independent Medical Examination" was ever filed in this matter.
The plaintiff shall fill out the paperwork and undergo a physical examination by Enzo J. Sella, M.D., on or before October 26, 2001, unless beforehand objections are made in accordance with the appropriate statutes and Practice Book sections.
So ordered.
Richard A. Robinson, J